Garland, J.
This action was commenced to recover from the defendants, the sum of $3426, with interest at nine per cent per annum, it being the price which the parish had contracted to pay for making a road 114 arpents and six toises in length, over the lands belonging to the defendants, lying on the bayou Des Families, leading to Barrataria Lake. To this demand the defendant D’Hemecourt answered by a general denial, and an averment, that he had previously instituted a suit against the plaintiffs for damages, for illegally entering upon his land to make the road, and asking for an injunction. He prayed, that that suit might be consolidated with this, and his demands therein be considered as in reconvention, and for a judgment in his favor. McDonogh answered by a denial of the plaintiffs’ right to recover, and an averment of a want of right to make the road in question. He further alleged, that all the proceedings in relation to laying out the same were illegal; and that he was in no manner liable for the making or keeping of said road iu repair.
The evidence shows, that long before the cession of Louisiana to the United States, a royal road (camino real) existed on the *510 1eft or east side of the bayou Des Families, from its source near the Mississippi River to the Lake Ouacha, or Barrataria, which remained until the month of July 1817; when several proprietors in the district of Barrataria, after a consultation among themselves, agreed for the reasons'stated in a private-act passed by them, and never recorded so far as the evidence informs us, to change the road from the left or east side of the bayou, to the west or right side, from its source to a point now called Delery’s Bridge. This act was acquiesced in by the parochial authorities, we suppose, but we find no express sanction of it in the record. Those proprietors agreed to make the road themselves. Below the bridge, no change was then proposed, and the road continued on the left side. In the year 1825, the parish of Jefferson was created; and an ordinance of the Police Jury was passed, dividing it into districts, and appointing a syndic for each, who was to have the general superintendence of roads, levees, &c. ‘ On the 19th May, 1825, the jury passed an ordinance relative to the Barrataria road, which, it i§ said, “ shall pass on the right side of the bayou called Families Bayou, and the syndic is authorized to cause all the necessary work to be done, in conformity to the following article. The road shall be cleared for the width of eighty feet, through its whole length,and the branches, and bodies, and shoots of trees cut away. The inhabitants shall not be bound to make ditches on each side of the road, except in the places that shall have been cleared seven years; but as soon as seven years shall have elapsed since the spot shall have been cleared, the syndic shall order the ditches to be made. In every part where there shall be no ditches on both sides of the road, as many traverse ditches shall be made as shall be necessary to drain the low grounds, and the said ditches shall be covered by bridges. The syndic of Barrataria, accompanied as is required by the regulations, shall fix the time within which the works shall be done.”
At a subsequent period, another ordinance was passed, declaring that one part of the road should be in the first ward of the parish, and the remainder, extending to bayou Ouacha, or Barrataria, in the seventh ward, and should run upon land sufficiently high not to be overflowed. Other ordinances then fix the width *511 of roads generally, the length of bridges, and how ditches are to be made, &c. and provide for having them kept in repair, and authorize the syndic, accompanied by two proprietors, to say what work is to be done &c., of which he is to notify the inhabitants ; and, if they do not obey his orders, he is to give notice to the Parish Judge, who is authorized to assess a fine, and have the work done by contract. No where in the ordinance do we find any mode fixed by which the property of an individual is to be expropriated, or taken for public use, or compensation to be made for it when so taken. It further appears, that the syndic of the ward, with two inhabitants, went on the lands of the defendants, (who are not residents of the parish,) and designated where the road should run on the right side of the bayou ; and then gave a notice calling on them to make a road, at their own expense, a distance of about four miles, for the public use, without any compensation therefor. They did not obey ; whereupon the syndic reported them to the Parish Judge, who gave an order to have the road made by contract; and notices for bids were published in the newspapers, and the execution of the work adjudicated to one Delery, for the sum sued for. He was occupied about the work from the 7th of April until the 18th of May, and received the sum claimed. A number of witnesses were examined as to the necessity of changing the road, shortening the distance, and the convenience of the inhabitants, which we do not think it necessary to detail, as our opinion is based upon questions of law arising out of the facts stated. The District Judge gave a judgment against the plaintiffs, and one of nonsuit on D’Hemecourt’s demand in reconvention, from which judgment the plaintiffs have appealed.
The plaintiffs claim to exercise the power under which they have acted, by virtue of the authority conferred on Police Juries generally, to make such rules and regulations as may be deemed expedient, as to the proportion and direction, the making and repairing of roads and bridges, and other highways. It is contended, that the whole management of such matters is left to the Police Juries, and that their proceedings are final in the parish of Jefferson. See B. & C.’s Dig. p. 640, § 5; p. 644, § 3 ; p. 652, §§ 4, 5.
We are not disposed to curtail the Police Juries of any of their *512 legitimate powers in relation to this subject. On the contrary, we have said, in a recent case, (Cross v. The Police Jury of Lafourche Interior, ante, p. 121,) that we thought the powers in relation to roads, &c. was very properly confided by the Legislature to the parochial authorities, and that we would not interfere unnecessarily ; but when gross injustice has been done, the courts have a right to control them. It is true, the act of 1818 relative to public roads, is not in force in the parish of Jefferson; but that does not, in our opinion, exempt the Police Jury of that parish from judicial restraint, when it attempts to expropriate the property of individuals, without their consent.
Article 489 of the Civil Code, which declares, that private property shall not be taken for public use without indemnity, as well as articles 2604, 2605, 2606, 2607, 2608, 2609, 2610, 2611, which confirm the same principle, and point out the mode of expropriating property, when the Legislature have not directed otherwise, has a constitutional sanction, and cannot be violated by parochial legislation, or that of the State itself. Every citizen is bound to contribute his proportion to the public good, and property is often subject to servitudes for public benefit; but it cannot. be permitted to a Police Jury to take the land or other property of an individual for public use, without compensation, unless it be shown that he derives something like a commensurate benefit. If this cannot be done, with what propriety can it be said that, not only can property be taken without compensation, but a heavy tax be levied without any benefit to the individual being shown?
We do not understand the acts of the Legislature, conferring the powers they have in relation to public roads on the Police Juries, as repealing the articles of the Code relating to the mode of expropriating property unless some other mode is indicated or directed.
The ordinances of the Police Jury are very general and indefinite in relation to the construction of roads, and make no provision at all as to the mode of changing their location. The ordinance of the 10th of May, 1825, is not very clear as to the intention of the jury to change the road from the left to the right side of the bayou below Delery’s bridge, and makes no provision for compensating the owners of the land over which the new road *513 shall pass. We-concur in the opinion of the District Judge, that the proceedings of the Police Jury have not been such as to render the defendants liable to pay the sum claimed.

Judgment affirmed.